United States District Court
Southern District of Texas
**ENTERED**
August 12, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WENDELL HARRISON, | § | |
| (SPN #02456003) | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION H-16-2315 |
| | § | |
| KURT B. WENTZ, *et al.,* | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION**

Wendell Harrison, an inmate of the Harris County Jail ("HCJ"), sued in August 2016, alleging civil rights violations resulting from a denial of due process. Harrison, proceeding pro se and in forma pauperis, sues Kurt B. Wentz, court-appointed defense counsel, and Maria T. Jackson, judge of the 339th Judicial District Court of Harris County, Texas.

The threshold issue is whether Harrison's claims should be dismissed as frivolous. Under 28 U.S.C. § 1915A, federal courts are authorized to review, before docketing, if feasible, or in any event as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. The court must dismiss any part of the complaint that is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. A complaint is frivolous if it lacks an arguable basis in law or fact. *See Denton v. Hernandez,* 504 U.S. 25, 31 (1992); *Richardson v. Spurlock,* 260 F.3d 495, 498 (5th Cir. 2001)(citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997)). "A complaint lacks an arguable basis in law if it is

based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998)(quoting *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997)).

### I.     Plaintiff's Allegations

Harrison states that Judge Jackson ordered the bailiffs to arrest him on December 2, 2015. He complains that his court-appointed attorney, Wentz, refused to file various motions prepared by Harrison. He complains that Wentz repeatedly agreed to reset his trial date, thereby causing him to be confined in the Harris County Jail longer than necessary.

On-line research reveals that on December 2, 2015, Harrison was charged with being a felon in possession of a weapon in Cause Number 1490205. He was previously charged with manufacture and delivery of a controlled substance in Cause Number 1449023. Harrison seeks compensatory damages of $5,000,000.00

### II.    The Claims Against Kurt Wentz

Harrison's claims for damages for deprivations of constitutional rights must proceed under 42 U.S.C. § 1983. That statute requires Harrison to present facts that, if proven, would show that he has been deprived of a right secured by the Constitution or laws of the United States, and that the deprivation was caused by someone acting under color of state law. *Baker v. McCollan*, 443 U.S. 137 (1979). The conduct of a private person, such as Wentz, is not state action under 42 U.S.C. § 1983. *See Briscoe v. LaHue*, 460 U.S. 325, 329 (1983). Harrison's claims against Wentz for ineffective assistance of counsel cannot support a damages suit under section 1983 because the attorney is not a state actor. *Brooks v. Hughes,* 98 F.3d 868, 873 (5th Cir. 1996) (citing *Polk Cnty. v. Dodson,* 454 U.S. 312, 324-25 (1981)); *Banuelos v. McFarland,* 41 F.3d 232, 234 (5th Cir. 1995)

(holding that actions of counsel substitute in prison disciplinary hearing, like actions of public defender and private attorney, are not actions under color of state law for purposes of section 1983); *Mills v. Criminal Dist. Court No. 3,* 837 F.2d 677, 679 (5th Cir. 1988) ("private attorneys, even court-appointed attorneys, are not official state actors, and generally are not subject to suit under section 1983"). Harrison has failed to plead facts showing that he has been deprived of a right secured by the Constitution or laws of the United States and that the deprivation was caused by someone acting under color of state law.

### III.     The Claims Against Judge Jackson

Judges are afforded absolute immunity when they perform a normal judicial function, unless they are acting in the clear absence of all jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 357-60 (1978). A judge's jurisdiction is construed broadly; a judge is not deprived of immunity because the action he took was erroneous, malicious, or exceeded his authority. *Id.* at 357. The nature of the function performed governs the immunity analysis. *Forrest v. White*, 484 U.S. 219, 227-229 (1988)(denying judge absolute immunity when performing administrative rather than judicial duties).

Harrison challenges the acts and omissions of Judge Jackson. Issuing a ruling in a criminal proceeding is a normal judicial function. The controversy centers on criminal proceedings against Harrison in the 339th Judicial District Court of Harris County, Texas. The complained-of acts against Judge Jackson arose out of the manner in which Judge Jackson conducted the criminal proceedings against Harrison. The record is clear that the challenged acts of Judge Jackson were judicial acts. Harrison does not allege, nor does the record support, a clear absence of jurisdiction on the part of this judicial officer. Harrison's claims against Judge Jackson lack merit because Harrison is seeking relief from a party who is immune from suit.

**IV.     Conclusion**

Harrison's civil rights claims against Kurt Wentz and Judge Jackson are dismissed as frivolous under 28 U.S.C. § 1915A(b)(1).  His motion to proceed *in forma pauperis,* (Docket Entry No. 4), is GRANTED.  Any remaining pending motions are DENIED as moot.

The agency having custody of Harrison must deduct twenty percent of each deposit made to Harrison's inmate trust account and forward payments to the court on a regular basis, provided the account exceeds $10.00, until the filing fee obligation of $350.00 is paid in full.

The Clerk will provide a copy of this order by regular mail, facsimile transmission, or e-mail to:

(1)     Harris County Jail, Attn: Sergeant Tom Katz, Inmate Trust Fund, 1200 Baker Street, Houston, Texas 77002, Fax 713-755-4546; and

(2)     the District Clerk for the Eastern District of Texas, Attention: Manager of the Three-Strikes List, Lori_stover@txed.uscourts.gov.

SIGNED at Houston, Texas, on  August 12  , 2016.

VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| WENDELL HARRISON, <br> (SPN #02456003) <br>     Plaintiff, <br><br> vs. <br><br> KURT B. WENTZ, *et al.,* <br><br>     Defendants. | § § § § § § § § § § §    CIVIL ACTION H-16-2315 |

**FINAL JUDGMENT**

    For the reasons stated in this court's Memorandum and Opinion entered this date, this civil action is DISMISSED with prejudice.

    This is a FINAL JUDGMENT.

    SIGNED at Houston, Texas, on  August 12 , 2016.

_____
VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE

O:\RAO\VDG\2016\16-2315.a01.wpd